UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT L. HEDRICK,

    *Plaintiff*,

v.

UNITED STATES *et al.*,

    *Defendants*.

Civil Action No. 20-cv-3591 (RDM)

## MEMORANDUM OPINION

Plaintiff Robert L. Hedrick is a federal inmate incarcerated at Federal Correctional Institution ("FCI") Fort Dix, where he is serving a 30-year sentence for various crimes associated with child pornography. *United States v. Hedrick*, No. 11-cr-715, 2017 WL 157140, at *1 (S.D. Tex. Jan. 6, 2017); *Hedrick v. FBI*, 216 F. Supp. 3d 84, 88–89 (D.D.C. 2016); *Hedrick v. United States*, No. 20-cv-1730, 2020 WL 6391192, at *1 (D.N.J. Nov. 2, 2020). In his complaint, filed *pro se*, Hedrick asserts that a business rival framed him at trial; that this business rival, together with multiple arms-dealing cartels, has repeatedly tried to have Hedrick murdered while incarcerated; and that the Federal Bureau of Prisons ("BOP") has proven unable or unwilling to protect him. *See* Dkt. 3 at 3, 5–6, 8–9, 28 (Compl.). For relief, Hedrick asks the Court to "[o]rder the Attorney General of the United States . . . to place . . . Hedrick into the United States Marshals Service Federal Witness Program" and to order the BOP to release him to the program within 48 hours. *Id.* at 34. He also asks the Court to order the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency, "or any other intelligence agency[] that [is] appropriate" to collaborate with Hedrick and another inmate to investigate the aforementioned arms-dealing. *Id.* Hedrick further seeks damages "for the physical and mental pain and

suffering that [he] has had to endure over the past [eight] years and for the remaining years . . . that he will have to endure up to and including age 82," requesting "an amount large enough to send a crystal clear message to the BOP to get [its] act together." *Id.*

The claims in Hedrick's complaint echo those he has brought in other courts. Although some notes of his allegations have changed, the general tune has remained constant, and over and over again, courts have found his claims to be unsupported and fantastical. A non-exhaustive list of some of Hedrick's previous filings illustrates this pattern:

After his conviction in the United States District Court for the Southern District of Texas, Hedrick "filed more than a dozen frivolous motions alleging a widespread conspiracy" in that court and in the Fifth Circuit. *See Hedrick v. United States*, No. 17-cv-36, Order at 1 (S.D. Tex. Nov. 14, 2019) ("S.D. Tex. Order"); *United States v. Hedrick*, 647 F. App'x 433, 433 (5th Cir. 2016). The district court found that, once "any inaccuracies and unsupported allegations [were] cut away [from Hedrick's claims], . . . remaining [was] a core . . . immaterial and devoid of conspiratorial context." *Hedrick*, 2017 WL 157140, at *2. The Fifth Circuit warned Hedrick that it would sanction him if he continued "raising fantastic claims centering on a wide-ranging conspiracy involving a drug cartel, federal prosecutors, law enforcement, and a federal judge arising out of an effort to frame him on child pornography charges and murder him." *United States v. Hedrick*, 647 F. App'x at 433–34. When Hedrick persisted, the Fifth Circuit sanctioned him for his "repetitive and frivolous filings." S.D. Tex. Order at 2 (citation omitted).

On October 21, 2019, after he was transferred to Federal Correction Complex Butner and later to FCI Fort Dix, Hedrick filed a complaint in the United States District Court for the Eastern District of North Carolina alleging, among other things, that BOP was orchestrating a "cover-up" obscuring multiple, cartel-ordered attempts to murder him. Complaint at 2, 9,

*Hedrick v. United States*, No. 19-ct-3302. After allowing Hedrick to amend his complaint, the district court described his amended filing as "fragmented, fantastical, and difficult to follow." *Hedrick v. United States*, No. 19-ct-3302, Order at 2 (E.D.N.C. June 26, 2020). The district court concluded that Hedrick's amended complaint failed Federal Rule of Civil Procedure 8's requirement to set forth "a short and plain statement . . . showing that the pleader is entitled to relief" and also that the complaint's "several conclusory, fantastical, and nonsensical allegations" failed to state a claim. *Id.* at 3–4.

On February 18, 2020, Hedrick filed a complaint in the United States District Court for the District of New Jersey. *See generally* Complaint, *Hedrick v. United States*, No. 20-cv-1730. In that complaint, Hedrick again alleged "that Mexican [c]artels, Columbian [c]artels, corrections officers, the Bureau of Prisons . . ., gangs, and terrorist organizations have conspired to murder him." *Hedrick*, 2020 WL 6391192, at *1. In November 2020, the district court concluded that Hedrick's claims comprised "'fantastic or delusional scenarios,'" and it dismissed them with prejudice as frivolous.[1]  *Id.* at *2 (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). Hedrick appealed, and his appeal is now pending before the Third Circuit. *Hedrick v. United States*, No. 20-3329.

Hedrick filed the instant lawsuit on December 9, 2020. It fails for reasons similar to those that have doomed Hedrick's prior efforts.

Complaints by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* litigant, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp.

---

[1] The district court also dismissed Hedrick's COVID-19-based claims, but without prejudice, based on failure to satisfy Federal Rule of Civil Procedure 8's "short and plain statement" requirement. *Hedrick*, 2020 WL 6391192, at *2.

237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This requirement "ensures that the opposing party will receive 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Jones v. Changsila*, 271 F. Supp. 3d 9, 21 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "Where a complaint is insufficiently focused, it places an undue burden on the defendant to answer or move[,] and it invites unnecessary delay and confusion in the proceedings." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 71 (D.D.C. 2015). In addition, Rule 12(b)(6) entitles an opposing party to dismissal if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Finally, a "trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible." *Davis v. United States*, No. 17-cv-1808, 2017 WL 6886310, at *1 (D.D.C. Oct. 6, 2017). "'[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Hedrick's complaint fails to satisfy the requirements of Federal Rules of Civil Procedure 8 and 12.

First, the complaint features numerous, disjointed sections, with little logical through-line connecting them. In at least one instance, Dkt. 3 at 17 (Compl.), a page ends mid-sentence never to be completed. More generally, the complaint veers from allegations that "[t]he BOP cannot protect" Hedrick, Dkt. 3 at 4 (Compl.), because there are "just to[o] many" cartels, *id.* at 6, to

4

challenging the amount of time Hedrick has spent in "protective custody" as "cruel and unusual punishment," *id.*, to accusing BOP of failing to investigate threats against him, *id.* at 7, to accusing a prison physician of attempting to murder him, *id.* at 29. And the 110-page exhibit adds other accusations against BOP officials to the mix, alleging that "[a]t least five . . . BOP [c]orrections [o]fficers" and an "Associate Warden . . . were put under investigation for committing federal crimes;" that one BOP corrections officer . . . ran from [FBI] agents after a large amount of cocaine was found in his vehicle;" and that another corrections officer told Hedrick that "[h]e was scared" because "the Columbian [c]artel was following him home from work." Dkt. 3-1 at 45. This complaint is hardly "short and plain" as Federal Rule of Civil Procedure 8 requires, and it does not provide Defendants with notice as to which specific acts Hedrick challenges.[2]

Second, the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although Hedrick's allegations against Defendants run the gamut from accusations of well-meaning incompetence to attempted murder, he fleshes out none with sufficient clarity to allow the Court to discern the legal basis for his claims. Far from alleging facts that state a claim that it is "'plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), the complaint consists of a series of unconnected and at times far-fetched allegations unmoored to any identifiable theory of relief.

Finally, just as other courts have held, this Court concludes that Hedrick's complaint consists of fantastical claims that are "irrational or wholly incredible," *Davis*, 2017 WL 6886310,

---

[2] Since filing his complaint, Hedrick has continued to make further filings, none of which elucidate his complaint. He filed a document chastising the Court for taking too long to address his complaint, citing the threat of COVID-19 (for which he tested positive on December 22, 2020, thirteen days after filing his complaint), Dkt. 9, and another affidavit documenting the amount of time he spent in a separate housing unit under protective custody, Dkt. 8.

at *1, and merit dismissal as frivolous.  Dismissal here is further supported because Hedrick has benefited from multiple chances to bring these claims in courts around the Country and has been advised repeatedly that his accusations are too implausible, jumbled, and confused to support a claim.

The Court will, accordingly, **DISMISS** Hedrick's complaint.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  January 27, 2021